IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tarone Devale Johnson, | ) | Case No.: 4:19-cv-1323-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden, McCormick Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending that the Petition for habeas relief be dismissed. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the Petition.

**I. Background**

On September 3, 1999, Petitioner was convicted of murder and given a sentence of life incarceration. The South Carolina Court of Appeals affirmed the conviction, and the South Carolina Supreme Court denied certiorari. Petitioner's PCR was denied. On January 16, 2009, Petitioner filed a Petition under 28 U.S.C. § 2254, which was dismissed with prejudice as untimely. The Fourth Circuit dismissed the appeal. *See Johnson v. State of South Carolina et al.*, Civil Action No. 4:09-cv-156-GRA. In this action, Petitioner filed a Petition for Habeas Corpus under 28 U.S.C. § 2254. On May 15, 2019, the Magistrate Judge recommended dismissing the petition as an unauthorized successive petition. (Dkt. No. 11.) Petitioner did not file objections.

**II. Legal Standard**

**A.** *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404

U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

B. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Petitioner did not file objections, and the R & R is reviewed for clear error.

III. **Discussion**

Petitioner seeks to challenge his conviction entered in Charleston County. However, based on his previously dismissed Petition for habeas relief, this is his second successive petition. A successive Petition requires authorization from the appropriate court of appeals prior to being filed in the district court. 28 U.S.C. § 2244(b)(3). The dismissal of Petitioner's first Petition as time barred is a judgment on the merits for purposes of determining whether a petition is successive. *See Joseph v. McKie*, No. 8:14-CV-4100-RMG, 2014 WL 7369571, at *4 (D.S.C. Dec. 29, 2014) *citing Henderson v. Bazzle*, No. CIV.A. 9:08-0978-MBS, 2008 WL 1908535, at *3 (D.S.C. Apr. 29, 2008). As this Petition is Petitioner's second attacking his same conviction, this Petition is

successive. Therefore, as the Petitioner has not obtained authorization from the Fourth Circuit to file a successive petition, the Petition is subject to dismissal.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 11) and **DISMISSES** the Petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that the Petition is an unauthorized successive petition. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 10, 2019
Charleston, South Carolina