# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Tarone Devale Johnson, | Case No.: 4:19-cv-1323-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden, McCormick Correctional Institution, | |
| Respondent. | |

This matter is before the Court on Petitioner's motion for reconsideration (Dkt. No. 18). For the reasons set forth below, the Court denies the motion.

## I.  Background

On September 3, 1999, Petitioner was convicted of murder and given a sentence of life incarceration. The South Carolina Court of Appeals affirmed the conviction, and the South Carolina Supreme Court denied certiorari. Petitioner's PCR was denied. On January 16, 2009, Petitioner filed a Petition under 28 U.S.C. § 2254, which was dismissed with prejudice as untimely. The Fourth Circuit dismissed the appeal. *See Johnson v. State of South Carolina et al.*, Civil Action No. 4:09-cv-156-GRA. In this action, Petitioner filed a Petition under 28 U.S.C. § 2254. On June 10, 2019, the Court adopted the Report and Recommendation (R & R) of the Magistrate Judge and Dismissed Plaintiff's petition as an unauthorized successive petition. (Dkt. No. 15.) Both the R & R and the Court's Order were mailed to Petitioner at the same address, as listed on his Petition, and neither has been returned as undeliverable. (Dkt. Nos. 12, 17.)

Petitioner now seeks reconsideration of the Court's order, arguing that he never received a copy of the Report and Recommendation that the Court ultimately adopted. (Dkt. No. 18.)

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) *citing EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

## III. Discussion

While Plaintiff alleges that he never received the underlying Report and Recommendation, Plaintiff fails to identify any intervening change of law or new evidence indicating that his Petition is not an unauthorized successive petition. Further, Plaintiff has advanced no argument nor demonstrated that there was a clear error of law and/or the decision constituted a manifest injustice regarding whether his Petition is an unauthorized successive petition.

Even crediting his assertion that he never received the Report and Recommendation, the Court fully reviewed the record, reviewed the Magistrate Judge's findings and laid out in full the Court's reasoning and determination (Dkt. No. 15), and Petitioner has not met any of the standards permitting reconsideration of the Order. Further, courts are required to, and this Court did, conduct a preliminary review to determine whether a petitioner is plainly not entitled to relief in district

court under Rule 4 of the Rules Governing § 2254 Cases. Petitioner has not submitted any evidence that he obtained authorization from the Fourth Circuit to file a successive petition, and therefore the Petitioner is plainly not entitled to relief in district court.[1] Finally, the Court notes that its Order dismissed the petition without prejudice. Therefore, Petitioner may re-file his case to the extent he is able to meet the procedural prerequisites.

## IV. Conclusion

For the reasons above, Defendant's motion for reconsideration (Dkt. No. 18) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 26, 2019
Charleston, South Carolina

---

[1] The Court also notes that Petitioner has not submitted any documentary or sworn evidence stating that he did not receive the mail, and instead the record demonstrates that both the R & R and the Court's Order, the latter of which he admits he received, were mailed to the same address and neither was returned as undeliverable. *See Joshua v. Johnson*, 254 F. App'x 273 (4th Cir. 2007) ("Since [petitioner] fails to provide sworn evidence supporting his contention that he did not receive the report and recommendation, he has waived appellate review by failing to timely file specific objections."); *Townsend v. McLeod*, 53 F. App'x 716, 717 (4th Cir. 2003) (upholding dismissal of § 1983 complaint where "[plaintiff] asserts on appeal that he did not receive the magistrate judge's report and recommendation. However, the record discloses that it was mailed to him at the appropriate address."); *Qadir v. S.C. Dep't of Highways, Pub. Transp.*, 18 F. App'x 73, 74 (4th Cir. 2001) (upholding dismissal where Petitioner "received the review his filing of objections would have entitled him to."); *Kelley v. City of Hartsville*, No. C/A 4:07-3682-RBH, 2008 WL 2636868, at *1 (D.S.C. July 3, 2008) *aff'd* 297 Fed.Appx. 239 (4th Cir. 2008) ("The plaintiff asserts in her motion that she did not receive the 'information' to respond in the allowed time. The Court assumes that Plaintiff is contending that she did not receive the Report and Recommendation in time to file timely objections. However, none of the mailings by the Clerk of Court to the plaintiff have been returned.").